FÉLIX BENÍTEZ REXACH, Plaintiff and Appellee, *v.* MUNICIPALITY OF PONCE, Defendant; RICARDO SKERRET and GUILLERMO ESTEVES, COMMISSIONER OF THE INTERIOR, Defendants and Appellants.

No. 4978. Argued March 11, 1930.—Decided April 7, 1931.

James R. Beverley, Attorney General, and Arturo Ortiz Toro, First Assistant Attorney General, for the Commissioner of the Interior; Tous Soto & Zapater for defendant Skerret; F. B. Fornaris and M. Bahamonde for defendant Municipality. C. Coll y Cuchí for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

Félix Benítez Rexach filed a suit in the District Court of San Juan against the Municipality of Ponce, Ricardo Skerret, and Guillermo Esteves, Commissioner of the Interior,

In the complaint he set out at length the facts which, as he claimed, entitled him to demand that the award made on bids for harbor improvement work at Ponce be annulled; he alleged that the bond furnished by Skerret and approved by the Commissioner of the Interior was void; that in awarding the contract to Skerret, account had been taken of the interest of certain candidates for mayor at the coming election and of the cash which the successful bidder had promised to lend to one of the candidates, while disregarding the public interest, the merits of the bids, the technical material, ability, etc.

The defendants demurred to the complaint on various grounds, which were overruled by an order of February 28, 1929.

On March 1, 1929, the plaintiff moved the court for an injunction *pendente lite* to restrain the defendant Skerret, from proceeding with the harbor construction work at Ponce, or from doing anything tending to render ineffective any judgment that might be entered in the suit.

The court issued a rule against the defendants to appear on March 21, and show cause why the injunction sought should not be decreed, and entered a restraining order. What transpired on the return day is shown by the stenographic transcript of the record. Félix Benítez Rexach appeared through his attorney Coll y Cuchí; the Commissioner of the Interior, through Assistant Attorney General Ortiz Toro, and the defendant Ricardo Skerret, through attorney Tous Soto, represented by attorney Joaquina Pérez. The last defendant moved for a continuance of the hearing on the ground that he had not been served by the plaintiff with notice of the petition for injunction. It appears from the statements of the judge that the latter had granted the municipality until the month of March for filing its answer. The Municipality of Ponce failed to appear at the hearing.

The Commissioner of the Interior filed an answer to the complaint and to the rule to show cause.

The defendant Skerret was present in court and his attorney stated that the work had been suspended by order of the Commissioner of the Interior.

The Assistant Attorney General opposed the stopping of the work on the ground that injury might be caused to the Municipality of Ponce and to the prestige of the People of Puerto Rico; he urged that the petition for an injunction *pendente lite* was insufficient. Counsel for the plaintiff objected, and maintained that the Attorney General was assuming the defense of Skerret and had asserted rights of the latter in answering the complaint. Skerret, through his attorney, withdrew the motion for a continuance and adopted as his own the statements of the Attorney General. He filed his answer to the complaint and stated that he did not appear to answer the rule to show cause and waived such answer. The plaintiff moved to strike out the answer to the rule to show cause filed by the Commissioner of the Interior and then moved for the issuance of a restraining order against the Municipality of Ponce and the other defendant, Skerret.

The court made the following order:

"It is ordered that the three defendants herein, their servants, agents, attorneys, and all persons acting under their control, do refrain from carrying out any part of the work involved in the above entitled cause, in the harbor and docks of Ponce, until the further order of this court; and for the effectiveness of this restraining order the plaintiff shall furnish a bond to the satisfaction of the said defendants and the court, with good and solvent sureties, or by a surety company, in the amount of $150,000."

The Attorney General, on behalf of the Commissioner of the Interior, appealed from the above order.

In his answer to the petition for injunction the Commissioner of the Interior set up the following special defenses: That the petition does not state facts sufficient to warrant the issuance of a writ of injunction; that the facts on which is based the allegation of irreparable injury do not appear

from the petition; that an annulment of the award of the work to Skerret would not imply that the work should be awarded to the petitioner; that the contractor's bond was subsequent to the award and could be amended; that the interest of the plaintiff is remote and doubtful; that the plaintiff has a remedy at law; and that the injury, if any, is susceptible of adequate measurement in damages. He further alleged that the plaintiff did not come into equity with clean hands; that the issuance of a writ would cause grave injury to Skerret who has his materials ready, and to the Municipality of Ponce for reasons which were stated at length; and that the plaintiff had been guilty of laches or negligence in the prosecution of the suit, as he had allowed more than the thirty days referred to in section 83 of the Municipal Law to elapse.

Skerret also appealed from the order of the court granting the injunction *pendente lite.*

Two errors, which might well be reduced to one, are assigned by the appellant, Commissioner of the Interior Esteves. One of them relates to the failure to sustain the special defenses, and the other refers to the issuance of the restraining order.

The attorneys for Skerret and for petitioner Benítez Rexach have deprived us of their assistance by failing to file briefs.

In his first special defense the said appellant maintained that the petition for an injunction *pendente lite* did not state facts sufficient to warrant the issuance of the writ sought. He now insists that the facts on which is based the conclusion that the plaintiff would suffer irreparable injury are not stated in the petition.

In the petition for injunction, the complaint whereby the action herein was commenced has been copied. We think that such practice is not to be recommended. A petition for an injunction should contain all the necessary elements to stand by itself. But, in any event, the essential points in

said complaint are the alleged nullity of the bond, the claim that plaintiff's bid was the lowest and the most advantageous, and the alleged proposal to plaintiff that he discount 5 per cent of the total price of the contract for the election funds; and the allegation to the effect that the defendant Skerret agreed to contribute $10,000 to the electoral campaign in Ponce, provided he was awarded the contract for the work in question. It is alleged in the petition for injunction:

"SECOND. The plaintiff specifically alleges that the defendant Ricardo Skerret, with the knowledge and consent of the defendant Guillermo Esteves, Commissioner of the Interior, and of the municipal officers of Ponce, Puerto Rico, has continued, still continues and threatens to continue the execution of the work and improvements in the harbor of Ponce, the contract for which was awarded to him as alleged in the complaint, and threatens to continue the said work, with great damage to the plaintiff, thereby causing him irreparable injury which can not now or hereafter be adequately compensated with money."

In *Martinez* v. *P. R. Ry., Lt. & Power Co.,* 18 P.R.R. 700, 706, this Court expressed itself as follows:

"But, aside from this, the complaint is in itself deficient, because it merely sets forth that irreparable injuries are suffered through the acts of the defendant, without stating facts whereby the court may learn that said injuries were really irreparable; and the simple allegation that an irreparable injury has been sustained, without stating in what said injury consists, is not sufficient. (Abbot's Trial Brief Pl., vol. 1, p. 537, and cases cited therein.)"

In *Peña & Balbás et al.* v. *Vergne,* 37 P.R.R. 265, 269, this Court said:

"The appellants urge that the allegation of irreparable injury is implied from the allegations of the complaint and that it is not necessary to make a special allegation thereof. Their contention is that the books and other documents claimed have no monetary value, but an intrinsic one. However, an allegation of that kind would seem to have been the proper thing. A mere allegation of 'irreparable injury' in a petition for an injunction is not sufficient. The facts should have been alleged as required by the jurisprudence. More-

over, both in the complaint and in the motion for an injunction the prayers included not only the surrender of books and other documents, but the delivery of the cash in the possession of the defendant, and it has been held unanimously that an injunction is not the proper remedy to compel the payment of money.''

Such is the case of petitioner Benítez Rexach. Tested by the law and the jurisprudence cited, the allegation of irreparable injury contained in the petition for injunction is insufficient.

This is enough for a reversal of the order appealed from, without any need of considering or determining the other questions raised.

The order appealed from must be reversed.

Mr. Justice Wolf took no part in the decision of this case.